IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:09CR3132 |
| | ) | |
| v. | ) | |
| | ) | |
| JOSE ALFREDO CRUZ, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

There are two pending post-conviction motions. The first one asks for relief under the *Johnson* case. The second motion is a regular § 2255 motion asserting ineffective assistance of counsel claims primarily predicated upon the fact that the defendant should have been entitled to the safety-valve[1].

I deny the first motion because the *Johnson* case does not matter. This is because the defendant only received the statutory minimum sentence of 120 months for the drug crime even though he also received an enhancement for Guideline purposes for being in possession of a gun. Thus, I agree with the public defender's legal investigation that *Johnson* cannot be used to reduce the defendant's sentence. (Filing no. 264 (Motion to Withdraw by Federal Public Defender).)

The second motion will be denied because it is too late, and, besides, it has no merit. I begin with the following reproduction of 28 U.S.C. § 2255(f) that sets forth what is the equivalent of a statute of limitations for filing § 2255 motions in a case like this:

---

[1]The defendant also asserts more generalized claims against counsel but they are plainly without merit. For example, the defendant complains about a "plea agreement" where he gave up his appeal rights but there was no plea agreement. (E.g., filing no. 195 at CM/ECF p. 12.)

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1) the date on which the *judgment of conviction* becomes final;
>
> . . . .
>
> (Italics added.)

An un-appealed criminal judgment becomes final when the time for filing a direct appeal expires. *Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n. 2 (8th Cir. 2008). Had the defendant wished to file an appeal, he was required to do so within 14 days of the time judgment was entered. *See* Fed. R. App. P. 4(b)(1)(A)(i). Judgment (filing no. 224) was entered on August 22, 2014. He did not file a timely appeal according to the Court of Appeals (filing no. 242), and his conviction thus became final no later than September 5, 2014. *See Murray v. United States*, 313 Fed.Appx. 924 (8th Cir. 2009). From that date, the defendant had one year to timely file a § 2255 motion and that was no later than September 5, 2015. His second motion was not filed until February 1, 2017.[2]

Moreover, there is zero evidence that the defendant should be accorded either statutory or equitable tolling. Both require a showing of due diligence. Furthermore, simply being a non-lawyer or a non-English speaker is not an extraordinary circumstance.

Even if I got to the merits of the defendant's primary ineffective assistance of counsel claim, the defendant would not succeed. He was not entitled to the safety-valve because (1) the presentence report showed that he was in possession of gun while drug trafficking (filing no. 220 at CM/ECF p. 5 ¶ 17) and (2) the defendant personally told me that he wished to withdraw his objection to the fact that he possessed a gun after first meeting with the prosecutor, his extremely competent and

---

[2]Although of no particular relevance to my discussion of the second motion, I also note that the *Johnson* motion was not filed until June 17, 2016. (Filing no. 257.)

-2-

experienced lawyer and the investigators. (Filing no. 218 beginning at about 5:15 of the digital audio recording).

Finally, a defendant cannot appeal an adverse ruling on a § 2255 motion unless he or she is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set forth in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined that the defendant is not entitled to a certificate of appealability.

IT IS ORDERED that both motions (filing no. 257; filing no. 263) are denied with prejudice. A judgment will be entered by a separate document. No certificate of appealability is or will be issued regarding either motion.

DATED this 1st day of March, 2017.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge